OPINION
{¶ 1} Defendant-Appellant, Theresa Cline nka Waddle, appeals the judgment of the Marion County Court of Common Pleas, General Division, dismissing the claims she asserted against Defendant-Appellee, Marketable Title Agency, Inc. (hereinafter referred to as "Marketable Title") and Defendant-Appellee, The Guernsey Bank (hereinafter referred to as "Guernsey Bank"). Unable to review the merits of Appellant's appeal, we dismiss.
 {¶ 2} In October of 1989, Appellant purchased residential real estate commonly known as 631 South Prospect Street, Marion, Ohio.[1] (Hereinafter referred to as "the Property.") In October of 1998, Appellant obtained financing secured by a mortgage against the Property from Alliance Funding Company, Division of Superior Bank, FSB. (Hereinafter referred to as "Superior.").
 {¶ 3} In March of 2001, Appellant wished to refinance the Property.
 {¶ 4} In April of 2001, ABN AMRO Mortgage Group, Inc. (hereinafter referred to as "ABN AMRO") agreed to extend a loan to Appellant in the amount of fifty two thousand dollars to be secured by a first mortgage against the Property. Subsequently, Appellant, Appellant's husband, an employee of Guernsey Bank and an employee of Marketable Title met to allow Appellant to sign the documents necessary to implement the financing. However, the documents included an error, which caused a loan held by Conseco Finance Corp. (hereinafter referred to as "Conseco") against property located in South Carolina to be paid off.[2]
 {¶ 5} On August 23, 2001, in Marion County Case Number 01 CV 0455 (hereinafter referred to as "Case No. 01 CV 0455"), LaSalle National Bank, the trustee under a pooling and service agreement with Superior, commenced a foreclosure action against the Property.
 {¶ 6} In September of 2001, ABN AMRO filed an answer and a cross-claim against Appellant for judgment on the promissory note and mortgage it held against the Property.
 {¶ 7} In November of 2001, LaSalle National Bank moved for default judgment, which the trial court granted and ordered foreclosure of the Property.
 {¶ 8} In February of 2002, Appellant filed a motion for relief from judgment and to stay the sheriff's sale of the Property, which the trial court granted.
 {¶ 9} In February of 2003, LaSalle National Bank filed a motion to dismiss its complaint, which the trial court granted.
 {¶ 10} In May of 2003, the trial court consolidated Case No. 01 CV 0455 with Marion County Case Number 02 CV 0440 (hereinafter referred to as "Case No. 02 CV 0440"), which Appellant and her husband initiated on July 24, 2002. In Case No. 02 CV 0440, Appellant and her husband filed a complaint against both Guernsey Bank and Marketable Title, alleging breach of contract, negligence, and punitive damages.[3]
 {¶ 11} In July of 2003, Appellant and her husband filed a counterclaim against ABN AMRO alleging negligence, fraud, breach of contract, breach of fiduciary duty, conversion, and further alleging that they were entitled to punitive damages.
 {¶ 12} In October of 2003, Marketable Title filed a motion for summary judgment, which the trial court subsequently overruled.
 {¶ 13} In April of 2004, Guernsey Bank cross-claimed for indemnification against Marketable Title.
 {¶ 14} In May of 2004, Marketable Title cross-claimed for indemnification and contribution against Guernsey Bank.
 {¶ 15} In March of 2005, ABN AMRO filed a motion to dismiss all of Appellant's husband's claims for compensatory damages.
 {¶ 16} In April of 2005, a trial was held. At trial, the parties agreed to a non-jury trial to resolve the following claims: "(1) the complaint of [Appellant] and [her husband] against Guernsey Bank and [Marketable Title]; (2) the counterclaim of [Appellant] and [her husband] against [ABN AMRO]; and (3) the cross-claim of [ABN AMRO] against [Appellant] * * *." (Apr. 12, 2005 Stipulation). Additionally, at trial, the trial court dismissed all of Appellant's husband's claims, all of Appellant's claims against Marketable Title, and Appellant's claims against ABN AMRO and Guernsey Bank for fraud, breach of fiduciary duty, and punitive damages.
 {¶ 17} In August of 2005, the trial court filed a judgment entry addressing Appellant's remaining claims against ABN AMRO and Guernsey Bank for breach of contract and negligence. In its entry, the trial court found that ABN AMRO and Guernsey Bank substantially performed their contractual obligations owing to Appellant; that neither ABN AMRO nor Guernsey Bank was negligent with respect to the transaction at issue; that "[Appellant] was negligent to a greater degree in repeatedly confirming that the existing mortgage was owed to Conseco and failed to exercise due care to insure that the debt to [ABN AMRO] did not remain in default after she received notice of her right to cure"; and, that "[Appellant's] negligent acts and omissions bar her from recovering for the negligence, if any, of [ABN AMRO] and/or Guernsey Bank." (Aug. 23, 2005 Judgment Entry p. 9). Further, the trial court found that Appellant was in default of her obligations to ABN AMRO and that as of April 11, 2005, Appellant owed ABN AMRO the amount of eighty-two thousand four hundred forty seven dollars and thirty-eight cents. Finally, the trial court found that ABN AMRO had the first and best lien on the Property after the statutory lien of the Marion County Treasurer for real estate taxes; that ABN AMRO was entitled to judgment against Appellant for compensatory damages of eighty-two thousand four hundred forty seven dollars and thirty-eight cents, plus subsequent advances, interest, and late charges, together with interest accruing at the rate of twelve dollars and eleven cents per day from April 11, 2005 to the date of payment; that ABN AMRO was entitled to have the equity of redemption of Appellant, her husband, and any other junior lien holders foreclosed, the Property sold, and the proceeds applied to satisfy its note secured by its mortgage of the Property; and, that Appellant failed to establish a right to relief or damages on her breach of contract and negligence claims against either ABN AMRO or Guernsey Bank.
 {¶ 18} In September of 2005, a judgment entry and decree of foreclosure was entered detailing the trial court's August 2005 findings of fact and conclusions of law.
 {¶ 19} It is from this judgment that Appellant appeals, presenting the following assignments of error for our review:
 Assignment of Error No. I THE TRIAL COURT ERRED TO THE PREJUDICE OF THERESA WADDLE BYDISMISSING HER CLAIMS AGAINST GUERNSEY BANK.
 Assignment of Error No. II THE TRIAL COURT ERRED TO THE PREJUDICE OF THERESA WADDLE BYDISMISSING HER CLAIMS AGAINST MARKETABLE TITLE.
 Assignments of Error Nos. I II {¶ 20} In her first assignment of error, Appellant argues that the trial court erred in dismissing her claims against Guernsey. In her second assignment of error, Appellant argues that the trial court erred in dismissing her claims against Marketable Title.[4]
 {¶ 21} In the case sub judice, the trial court filed a journal entry on July 11, 2003, which consolidated Case No. 01 CV 0455 and Case No. 02 CV 0440 and required "all future pleadings are to be filed in [Case No. 01 CV 0455]." (July 11, 2003 Journal Entry). On October 31, 2005, Appellant filed a single notice of appeal, appealing case number Case No. 01 CV 0455. In response to Appellant's single notice of appeal and praecipe, the Marion County Clerk of Courts docketed the appeal in one case, as required by Loc.R. 6(A), that case being Case No. 01 CV 0455. Accordingly, the clerk included in the appeal record the original papers for that case only. Local Rule 6(A) of the Third Appellate District provides:
Notice of Appeal. A separate notice of appeal shall be filedin the trial court for each case appealed therefrom whether thecase was consolidated in the trial court for hearing with one ormore other cases. The clerk of the trial court shall not acceptfor filing any single notice of appeal which purports toconstitute a notice of appeal from more than one trial courtcase.
 {¶ 22} Appellant's use of the singular, "judgment", in her notice of appeal failed to indicate to the clerk that she was appealing two case judgments, if she was, in fact, appealing both. Thus, rather than rejecting the appeal as violating Loc. R. 6(A), the clerk assembled a record for Case No. 01 CV 0455 only. See App.R. 10(B). Nowhere in the record are we presented with any of the original papers filed in Case No. 02 CV 0440, including the original complaint filed by Appellant and her husband against both Guernsey Bank and Marketable Title. See State v. Bowersock
(Feb. 23, 1996), 3d Dist. No. 5-95-43 ("The original papers filed in the case consist principally of the Complaint * * *.").
 {¶ 23} Without the record in Case No. 02 CV 0440, we have no way of knowing upon what basis Appellant alleged claims against Guernsey Bank and Marketable Title. Furthermore, if Appellant intended to appeal the decision on the complaint filed in Case No. 02 CV 0440, absence of the original papers, including the original complaint, constitutes noncompliance with App.R. 9(A), which requires the following to be included in the appellate record: "The original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries * * *." Therefore, if the trial court's decision under Case No. 02 CV 0440 were under appeal, at least that portion of the appeal would be subject to dismissal by this court for failure to comply with App.R. 9(A) and 11(C). See Loc.R. 15. See, also, State v.McClain (Mar. 25, 1992), 3d Dist. No. 8-91-14. Accordingly, under Loc.R. 15, we dismiss this appeal.
Cause Dismissed.
 Bryant, P.J., and Shaw, J., concur.
[1] It is undisputed that at the time of the commencement of this action, Appellant was the owner of the Property.
[2] At this meeting, Appellant signed six documents. These documents included: a promissory note for $52,000 and a mortgage to secure her new debt to ABN AMRO; a closing or settlement statement indicating that $41,930.80 would be paid to Conseco and $5,680.52 would be disbursed to Appellant; an Insufficient Mortgage Payoff whereby Appellant agreed that "[i]n the event the sum is insufficient to satisfy the existing mortgage, due to computation errors by your lender or [Marketable Title] or for any other reason, I/we agree to forward to [Marketable Title] any and all additional sums as may be required by the existing mortgages to issue a discharge or satisfaction of said mortgage" (Defendants' Tr. Ex. 5); an Authorization to Close Line of Credit addressed to Conseco; and, a First Payment Letter in which Appellant acknowledged her understanding of the amount of payments she would be required to make to ABN AMRO and that her first payment would be due on June 1, 2001.
[3] As noted below, the record does not include any of the original papers or exhibits from Case No. 02 CV 0440. The content of and the date of filing of the complaint in Case No. 02 CV 0440 are gathered from the briefs of the parties subject to this appeal.
[4] We note that under this assignment of error, Appellant begins her argument stating that the trial court erred in dismissing her claims against "Guernsey Bank" rather than "Marketable Title". However, reviewing the arguments under the assignment of error, we believe that this was a simple typographical error.